**Armando Lopez BAENA; Rosa Maria Ramirez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–71061.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2007.

Filed Aug. 22, 2007.

Elizabeth B. Wydra, Quinn Emanuel Urquhart Oliver & Hedges, LLP, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stephen J. Flynn, Esq., Peter H. Matson, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, HAWKINS, and WARDLAW, Circuit Judges.

MEMORANDUM *

Armando Lopez Baena and Rosa Maria Ramirez ("Petitioners"), natives and citizens of Mexico, appeal the Board of Immigration Appeals' ("BIA") denial of their application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). The Immigration Judge ("IJ") found Petitioners satisfied the first three requirements for cancellation relief under § 1229b(b)(1)(A)–(C), but denied relief because Petitioners had not shown "removal would result in exceptional and extremely unusual hardship" to their United States citizen children under § 1229b(b)(1)(D). Petitioners argue their due process right to a full and fair hearing before a neutral fact-finder was violated because the IJ was biased and applied the incorrect legal standard. We dismiss the petition in part and deny it in part.

Petitioners' failure to exhaust their administrative remedies on the issue of whether they were "denied a full and fair hearing before a neutral fact-finder prevents us from exercising judicial review of this question." [1]  See Sanchez–Cruz v. INS, 255 F.3d 775, 780 (9th Cir.2001) (citing Vargas v. INS, 831 F.2d 906, 907–08 (9th Cir.1987)). We therefore must dismiss this claim for lack of jurisdiction.

The claim that the IJ failed to apply the correct legal standard to determine whether the qualifying relatives would suffer an exceptional and extremely unusual hardship if relief were not granted was exhausted. The BIA's opinion cited Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA

1994), and did not express disagreement with any part of the IJ's decision. See Abebe v. Gonzales, 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc). We have jurisdiction to review claims that "the BIA failed to apply the proper legal standard" when making discretionary determinations. See Afridi v. Gonzales, 442 F.3d 1212, 1218 (9th Cir.2006). Here, however, the IJ properly considered the relevant factors and applied the correct legal standard to conclude that Petitioners failed to demonstrate an exceptional and extremely unusual hardship to their two sons. See Cabrera–Alvarez v. Gonzales, 423 F.3d 1006, 1012 (9th Cir.2005). We therefore deny this claim on the merits. The IJ cited the correct legal standard and considered "the ages, health, and circumstances" of the United States citizen sons in the aggregate. See In re Monreal–Aguinaga, 23 I. & N. Dec. 56, 63 (BIA 2001). While the IJ's comments about the Petitioners' circumstances were speculative and inappropriate, there is no basis for concluding that the IJ applied the wrong legal standard in assessing the qualifying children's circumstances.

"The stays of voluntary departure and removal will expire upon issuance of the mandate." Desta v. Ashcroft, 365 F.3d 741, 750 (9th Cir.2004).

**Petition DISMISSED in part; DENIED in part.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1.  We deny Petitioners' request to take judicial notice of the Petition for Review and the

BIA's decision in Sanchez–Cruz in support of this claim. See generally Fisher v. INS, 79 F.3d 955, 964 (9th Cir.1996) (en banc).